THE STATE, EX REL. NORTHERN OHIO TELEPHONE CO., *v.*
WINTER ET AL.

(No. 69-614—Decided July 8, 1970.)

*Messrs. Power, Griffith, Jones & Bell, Mr. Gerald A. Donahue* and *Mr. James F. Bell,* for relator.

*Mr. J. Richard McMannis,* prosecuting attorney, for respondents.

DUNCAN, J.  The question presented is whether the instant controversy is a proper case for the issuance of a

writ of prohibition. The conditions which warrant the granting of a writ of prohibition are: (1) The court or officer against whom it is sought must be about to exercise judicial or quasi-judicial power; (2) it must appear that the refusal of the writ would result in injury for which there is no adequate remedy; (3) the exercise of such power must amount to an unauthorized usurpation of judicial power. *State, ex rel. Caley,* v. *Tax Comm.,* 129 Ohio St. 83, at 87; *State, ex rel. Nolan,* v. *ClenDening,* 93 Ohio St. 264, at 271. See, also, *State, ex rel. Garrison,* v. *Brough,* 94 Ohio St. 115; *State, ex rel. Lambdin,* v. *Brenton,* 21 Ohio St. 2d 21.

There is no doubt that the issuance of a temporary restraining order represents an assumption of jurisdiction by the Court of Common Pleas and involves the exercise of judicial power. This conclusion is bolstered by the fact that the Court of Common Pleas, in overruling relator's motion to quash service of summons or dissolve the temporary restraining order, in effect held that it had jurisdiction to act. Thus, the first condition necessary for the issuance of the writ is present.

Turning to the next condition, we find that if the temporary restraining order is left in effect and the court proceeds with the damage action, relator will be injured by being deprived of working capital, by being required to furnish free telephone service, and will incur the expense of legal fees for litigation. Moreover, no immediate appeal from that order would be an adequate remedy because neither the overruling of a motion to quash (*Lantsberry* v. *Tilley Lamp Co.,* 14 Ohio St. 2d 41; *State, ex rel. Gregory,* v. *Masheter,* 3 Ohio St. 2d 43); nor the overruling of a motion to dissolve a temporary restraining order is a final appealable order. *Jones* v. *First Natl. Bank,* 123 Ohio St. 642.

Relator is in the precarious position of having to either violate the temporary restraining order or to violate the Revised Code sections requiring adherence to filed rate schedules, prohibiting free service and forbidding dis-

crimination among its customers. R. C. 4905.32, 4905.33 and 4905.35. Other than the requested writ there is no other remedy which can solve relator's irreconcilable conflict.

We hold that the action of the Court of Common Pleas is unauthorized by law and amounts to a usurpation of judicial power. Republic Powdered Metals contends that relator failed to furnish adequate service and that relator charged excessive rates. The General Assembly has enacted an entire chapter of the Revised Code dealing with public utilities, requiring, *inter alia,* adequate service, and providing for permissible rates and review procedure. *E. g.,* R. C. 4905.04, 4905.06, 4905.22, 4905.231 and 4905.381. Further, R. C. 4905.26 provides a detailed procedure for filing service complaints. This comprehensive scheme expresses the intention of the General Assembly that such powers were to be vested solely in the commission. As this court said in *State, ex rel. Ohio Bell Telephone Co.,* v. *Court of Common Pleas,* 128 Ohio St. 553 at 557:

"The jurisdiction specifically conferred by statute upon the Public Utilities Commission over public utilities of the state, including the regulation of rates and the enforcement of repayment of money collected * * * during the pendency of the proceeding * * * is so complete, comprehensive and adequate as to warrant the conclusion that it is likewise exclusive." See, also, *Ohio Transport, Inc.,* v. *Pub. Util. Comm.,* 164 Ohio St. 98, 107.

Republic's request for injunctive relief, which would prevent discontinuing service and require continuation of service, encroaches upon jurisdiction granted the commission by the General Assembly. R. C. 4909.17 provides that rates and regulations affecting rates do not become effective until the commission by order determines it to be "just and reasonable." By virtue of the commission's Order 34167, dated October 10, 1966, relator's tariffs, including the provision regarding discontinuation of service for nonpayment, have been authorized and approved.

Only this court has the power to review, suspend, de-

lay, or restrain orders of the commission. R. C. 4903.12. The order of the Court of Common Pleas, insofar as it enjoined the discontinuance of service by relator, in effect suspended the commission's order, and was not authorized by law.

R. C. 4909.02 provides that practices prescribed by the commission are prima facie reasonable, unless successfully challenged according to the statutory procedures provided in the Revised Code. The challenges provided for in R. C. 4909.02 relate solely to actions before the commission.

Respondent relies upon the case of *State, ex rel. Mansfield Telephone Co.,* v. *Mayer,* 5 Ohio St. 2d 222, arguing that a Court of Common Pleas must have the opportunity to decide its own jurisdiction, subject to the right of appeal. However, in the *Mansfield case* it was held that a writ of prohibition would not issue before the Court of Common Pleas was given an opportunity to decide its own jursdiction. The instant case differs from the *Mansfield case* in that, in this case, the Court of Common Pleas had such an opportunity, and decided the jurisdictional question.

The General Assembly has provided a comprehensive plan by which subscribers may contest the reasonableness of rates, rules, regulations and quality of service of a public utility, which plan does not include proceedings in the Court of Common Pleas. We conclude that the Court of Common Pleas lacked subject-matter jurisdiction over the instant controversy. Further, since all the requirements for a writ of prohibition are present, the writ should be, and is, allowed.

*Writ allowed.*

O'NEILL, C. J., LEACH, SCHNEIDER, HERBERT and CORRIGAN, JJ., concur.

LEACH, J., of the Tenth Appellate District, sitting for MATTHIAS, J.