**Kazmaier Supermarket**
**v.**
**Toledo Edison Co.**
*[Cite as 3 AOA 145]*

*Case No. L-89-2339*
*Lucas County, (6th)*
*Decided May 11, 1990*

*Gary Kuns, for Appellant.*

*Douglas Hogan, for Appellee.*

This is an appeal from a judgment of the Lucas County Court of Common Pleas in which the defendant-appellant's motion to dismiss based upon Civ. R. 12(b) was granted and the trial court dismissed the complaint of plaintiff-appellant for lack of jurisdiction over the subject matter basing its decision on *State, ex rel. Northern Ohio Telephone Co., v. Winters* (1970), 23 Ohio St. 2d 6, a case pertaining to a service complaint under R.C. 4905.2

Appellant sets forth a single assignment of error:

"Plaintiff/Appellant's claims for damages are not utility rate disputes subject to the exclusive jurisdiction of the Public Utilities Commission of Ohio and, therefore, the Trial Court erred in dismissing Plaintiff/Appellant's Complaint."

The complaint filed by appellant alleges two causes of action. The first is in negligence on the part of appellee in inadvertently billing appellant on a rate schedule that did not apply to appellant. The second cause of action alleges that the inadvertent billing on the wrong rate schedule constituted a breach of contract. As a result, appellant claimed overcharges in the amount of $38,851.81 for the period of November 5, 1980 until December 1987. The parties agree that the $38,851.81 has been reimbursed; however, appellant seeks ten percent compounded interest on that amount for the loss of use of its money for the period of time in question.

At the outset it should be noted that this case does not involve a "rate" or "service" dispute as contemplated under the provisions of R.C. 4905.26, which provides, in part, as follows:

"Upon complaint in writing against any public utility by any person * * * that any *rate * * * or service * * ** charged, demanded, or exacted, *is in any respect unjust, unreasonable, unjustly discriminatory, unjustly preferential, or in violation of law * * ** the commission shall fix a time for hearing * * * shall publish notice * * * and shall state the matters complained of." (Emphasis added.)

It is evident that the complaint filed in this case alleges an inadvertent billing on a rate other than that which should have been used. There is *no* allegation that the particular rate charged was either *unjust, unreasonable, unjustly discriminatory, unjustly preferential* or *in violation of law*. Simply, the wrong rate was charged.

For this reason, the trial court's reliance on *Northern Ohio, supra,* is misplaced. That case specifically involved the issue of adequate services and excessive rates. *Id.*

Appellee urges that the holding in *Milligan v. Ohio Bell Tel. Co.* (1978), 56 Ohio St. 2d 191, mandates that a condition precedent to the filing of a complaint for damages in a court of common pleas requires an initial determination by the Public Utilities Commission of Ohio ("PUCO") that a R.C. 4905.26 violation has occurred. However, even a cursory reading of that case reveals that it is not applicable to the instant case. In *Milligan, supra,* the complaint alleged a cause of action within the purview of R.C. 4905.61, which provides for treble damages awards for acts of utilities which are prohibited under R.C. Chapters 4901, 4903, 4905, 4907, 4909, 4921, 4923, and 4925. The holding in *Milligan, supra* was that a condition precedent to a treble damage action pursuant to R.C. 4905.61 is a finding by the PUCO that the utility had violated a specific statute.

Appellant in the instant case has not pled any violation of law by appellee nor does appellant seek treble damages under R.C. 4905.61. More importantly in *Milligan, supra,* at 195 the court noted "that the commission (PUCO) has no power to judicially ascertain and determine legal rights and liabilities, since such power has been vested in the courts by the General Assembly pursuant to Article IV of the Ohio Constitution." Thus, claims sounding in contract or tort have been regarded as reviewable in the court of common pleas, although brought against corporations subject to the authority of the commission. See *State, ex rel. Dayton Power & Light Co., v. Riley* (1978), 53 Ohio St. 2d 168, 169-170;

*Richard A. Bergian, D.O., Inc.* v. *Ohio Bell Tel. Co.* (1978), 54 Ohio St. 2d 147.

Appellee next urges this court that two decisions of PUCO are persuasive or controlling in this matter. *In re: "Heaton* v. *Columbus and Southern Ohio Elec. Co.,* (April 16, 1985), PUCO Case No. 83-1279-EL-CSS;" and *In re: " Northwestern Church* v. *East Ohio Gas Co.,* (October 18, 1989), PUCO Case No. 89-1330-GA-CSS." Notwithstanding that this court need not and will not accept these decisions as having any precedential value for purposes of our review in this case, we note that in each of the cases brought before the PUCO, a violation of a law was urged, to wit, R.C. 4905.26 and these cases are, therefore, distinguishable. In *Northwestern, supra,* a case strikingly similar to the instant case, the attorney-examiner in her findings stated:

"Whether respondent's actions in this case constituted a statutory violation or were merely an inadvertent error, as respondent contends, *is a question of fact* for the Commission to determine, following a hearing and presentation of evidence on this issue." (Emphasis added.)

Strangely enough, it was the utility in that case that argued the PUCO had no jurisdiction for inadvertent errors.

Appellee next urges this court that, under the exhaustion doctrine, this case was properly dismissed by the trial court. However, that doctrine is premised on the fact that an administrative remedy is available. As stated above, without an allegation of a violation of law or other wrongs mentioned in R.C. 4905.26, no administrative remedy is, in our opinion, available. Therefore, this argument also fails.

Finally, appellant claims that "clever drafting or artful pleadings cannot serve as a guise or subterfuge to defeat a statutory scheme of regulation and review." It would thus appear that appellee wants this court to imply from the wording of the complaint that the appellant is in effect claiming a violation of R.C. 4905.22 or R.C. 4905.26 which would require this court to affirm the trial court's holding that the common pleas court is without subject matter jurisdiction. Although the complaint as drafted speaks of negligence in billing on the wrong rate schedule, it does not challenge the reasonableness of either rate schedule. Nor does it allege any negligence in the rendering of service, misrepresentations of service, or failure to provide service. See *Steffen* v. *General Telephone Co.* (1978), 60 Ohio App. 2d 144, 145. What appellant has simply alleged is negligence in appellee's billing. Without any intimation in the complaint that would include violations of the applicable PUCO statues, this court simply cannot construe that the same are impliedly included therein. While this court recognizes that the trial court is not confined to the allegations of the complaint when determining its subject matter jurisdiction pursuant to a Civ. R. 12(B) motion to dismiss, there is nothing in the record to demonstrate that appellee attempted to offer pertinent material in that regard to the trial court addressed to such inquiry. Civ. Rs. 12(B)(1) and 12(B)(6) are controlled by a similar principle. *Id.* That principle as to Civ. 12(B)6 is whether it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Applied to the instant case, has plaintiff demonstrated that the court has subject matter jurisdiction? From the face of the complaint, there being no direct or indirect allegations of any violation of the law or of PUCO regulations, we cannot say that the Lucas County Court of Common Pleas does not have subject matter jurisdiction. Accordingly, appellant's sole assignment of error is found well-taken.

On consideration whereof, this court finds that substantial justice has not been done the party complaining, and the judgment of the Lucas County Court of Common Pleas is reversed. This case is remanded to that court for further proceedings not inconsistent with this decision.

*Judgment reversed and cause remanded.*

HANDWORK, P.J., ABOOD, J., RESNICK, J., concur.