**LaFORGE, Appellee,**

**v.**

**CLEVELAND ELECTRIC ILLUMINATING COMPANY, Appellant.**

[Cite as *LaForge v. Cleveland Elec. Illum. Co.* (1996), 115 Ohio App.3d 740.]

Court of Appeals of Ohio,
Eleventh District, Lake County.

No. 96–L–009.

Decided Nov. 25, 1996.

*John LaForge, pro se.*

*George R. Hicks, Jr.* and *Garin C. Hoover*, for appellant.

---

NADER, Judge.

This is an appeal from an order entered in the Painesville Municipal Court, rendering judgment in favor of appellee, John LaForge, and against appellant, Cleveland Electric Illuminating Company, in the amount of $166.50.

On November 30, 1995, appellee filed a complaint against appellant in the Small Claims Division of the Painesville Municipal Court. The complaint alleged that appellant caused damage to appellee's furnace during an interruption of electric service. The complaint further alleged damages in the amount of $209. Appellant filed a motion to dismiss for lack of jurisdiction and for failure to state a claim upon which relief can be granted on December 21, 1995. A hearing was

held before a magistrate on December 27, 1995. On the same date, the magistrate entered his decision, denying appellant's motion to dismiss, and entering judgment in favor of appellee in the amount of $166.50. The trial court entered judgment in accordance with the magistrate's report on April 8, 1996. Appellant timely appealed, asserting the following as error:

"1. The trial court erred to the prejudice of the defendant-appellant when it improperly denied defendant-appellant's motion to dismiss and in conducting a trial because it lacked subject matter jurisdiction over plaintiff-appellee's complaint.

"2. The trial court erred to the prejudice of defendant-appellant in ordering judgment for plaintiff-appellee because plaintiff-appellee's complaint failed to state a claim upon which relief could be granted because there is no evidence to support the trial court's judgment entry."

In appellant's first assignment of error, it is argued that the trial court erred in denying its motion to dismiss for lack of subject matter jurisdiction. We agree.

In *State ex rel. N. Ohio Tel. Co. v. Winter* (1970), 23 Ohio St.2d 6, 52 O.O.2d 29, 260 N.E.2d 827, at paragraph one of the syllabus, the court held that the Public Utilities Commission has exclusive jurisdiction over rate and service complaints, subject to review by the Ohio Supreme Court. This case also held that review of such complaints by a court other than the Ohio Supreme Court would amount to usurpation of authority. *Id.* at paragraph two of the syllabus. This holding is in accordance with the provisions of R.C. 4903.12 and 4905.04, which provide the Ohio Supreme Court with exclusive jurisdiction to review orders of the Public Utilities Commission and vest the Public Utilities Commission with jurisdiction to supervise and regulate public utilities.

This court recently addressed an appeal that was factually similar to the case *sub judice.* In *Hiener v. Cleveland Elec. Illum. Co.* (Aug. 9, 1996), Geauga App. No. 95–G–1948, unreported, 1996 WL 495092, a complaint was filed against appellant for damages to a television caused by a power surge. We noted that Rule 7(b) of appellant's tariffs provided that appellant would not be liable for damages sustained due to "interruptions in service, variations in service characteristics, high or low voltage, the single phasing of three phase service," or "phase reversals." We held that because the complaint was a service complaint which fell within the parameters of appellant's tariffs, the action could be heard only by the Public Utilities Commission and the Ohio Supreme Court.

The same is true of appellee's complaint in the instant case. Appellee alleges damage to his furnace due to a period of low voltage more commonly known as a "brownout." Such a complaint is clearly service-related and covered by appellant's tariffs. As a result, review by a common pleas or appellate court would result in usurpation of authority.

Appellee refers to *Milligan v. Ohio Bell Tel. Co.* (1978), 56 Ohio St.2d 191, 10 O.O.3d 352, 383 N.E.2d 575, to support his argument that jurisdiction in the municipal court was proper. However, this case does not stand for that proposition. In fact, *Milligan* recognizes the rule that common pleas courts lack jurisdiction to hear rate or service complaints. *Milligan* also recognizes the fact that common pleas courts may hear "claims sounding in contract or tort" and, as a result, held that a claim for invasion of privacy was properly before the common pleas court. *Id.* at 195, 10 O.O.3d at 354–355, 383 N.E.2d at 578. This exception has been applied only to pure contract or common-law tort claims, and has not been applied to service or rate complaints. *Hiener, supra,* at 4, citing *Gayheart v. Dayton Power & Light Co.* (1994), 98 Ohio App.3d 220, 228, 648 N.E.2d 72, 76–77. Thus, appellee's reliance on *Milligan* is misplaced.

As a result, the trial court erred in denying appellant's motion to dismiss for lack of jurisdiction. Appellant's first assignment of error is well taken.

In light of our holding with regard to appellant's first assignment of error, appellant's second assignment of error has been rendered moot and will not be addressed in this opinion. See App.R. 12(A)(1)(c).

In accordance with the foregoing, the judgment of the trial court is hereby reversed, and judgment is entered in favor of appellant.

*Judgment reversed.*

CHRISTLEY, P.J., and CACIOPPO, J., concur.

MARY CACIOPPO, J., retired, of the Ninth Appellate District, sitting by assignment.