JOURNAL ENTRY AND OPINION
Plaintiff-appellant, Susan M. Lawko, Esq., appeals pro se the order of the Cuyahoga Court of Common Pleas granting the motion to dismiss of defendants-appellees, Ameritech Corporation and The Ohio Bell Telephone Company. The facts giving rise to this appeal are as follows.
On December 29, 1999, appellant commenced this action by filing a complaint against Ameritech Corporation. On February 11, 2000, appellant filed an amended complaint, naming The Ohio Bell Telephone Company as a new party defendant. In the amended complaint, appellant alleged that appellees had entered into an oral contract with appellant to provide efficient, ongoing phone service, but had breached the contract by virtue of [appellees'] failure to provide telephone service to [appellant]. Appellant also alleged that by virtue of [appellees'] willful, wanton disregard for its duty to correct [appellant's] phone service, various of her clients were unable to contact her for legal advice. Finally, appellant alleged that although she and her clients had repeatedly advised appellees of the problems with appellant's telephone service, appellees did nothing to correct the problems with appellant's phone lines. Appellant characterized her claims as breach of contract (Count One), tortious interference with contractual relations (Count Two) and negligence (Count Three).
On March 13, 2000, appellees moved the trial court to dismiss the Amended Complaint for lack of subject matter jurisdiction, arguing that the Public Utilities Commission of Ohio (PUCO) had exclusive jurisdiction of the claims raised against appellees. The trial court granted the motion to dismiss and this appeal followed.
Appellant's single assignment of error provides:
 THE TRIAL COURT ERRED IN GRANTING DISMISSAL OF APPELLANT'S CLAIMS BY DETERMINING THAT THE PUCO HAS EXCLUSIVE JURISDICTION OF THE CONTRACT AND TORT CLAIMS ASSERTED BY APPELLANT PER ORC SECTION 4905.26.
Appellant contends that the jurisdiction of the PUCO is not exclusive as to all issues and that R.C. 2905.26 does not vest in the PUCO exclusive jurisdiction over common law torts committed by public utilities. She also contends that the PUCO is not a court of general jurisdiction and has no power to judicially ascertain and determine legal rights and liabilities with regard to contract rights or property rights, even though a public utility is involved.
Appellees, on the other hand, assert that R.C. 4905.26 gives the PUCO exclusive jurisdiction to determine liability involving claims of a utility's failure to supply or properly supply regulated public utility service. Thus, appellees contend, because appellant's claims are, in essence, claims that appellees failed to supply an adequate quality of service, the PUCO has exclusive jurisdiction of appellant's claims.
Chapter 4905 of the Revised Code vests the PUCO with the authority to supervise all public utilities within its jurisdiction. To that end, R.C. 4905.06 provides, in relevant part:
 The public utilities commission has general supervision over all public utilities within its jurisdiction as defined in section 4905.05 of the Revised Code, and may examine such public utilities and keep informed as to their general condition, capitalization, and franchises, and as to the manner in which their properties are leased, operated, managed, and conducted with respect to the adequacy or accommodation afforded by their service, the safety and security of the public and their employees, and their compliance with all laws, orders of the commission, franchises and charter requirements. * * * (Emphasis added.)
 R.C. 4905.26 requires, among other things, that the PUCO set
for hearing a complaint against a public utility whenever reasonable grounds appear that service is insufficient or inadequate. It states, in relevant part:
 Upon complaint in writing against any public utility by any person, firm, or corporation, * * * that any * * * service, * * * or service rendered, * * * is in any respect unjust, unreasonable, unjustly discriminatory, unjustly preferential, or in violation of law, or that any regulation, measurement, or practice affecting or relating to any service furnished by the public utility, or in connection with such service, is, or will be, in any respect unreasonable, unjust, insufficient, unjustly discriminatory, or justly preferential, or that any service is, or will be, inadequate or cannot be obtained, * * * if it appears that reasonable grounds for complaint are stated, the commission shall fix a time for hearing and shall notify complainants and the public utility thereof. * * * (Emphasis added.)
Appellees are telephone companies as defined in R.C.
4905.03(A)(2)and public utilities as defined in R.C. 4905.02. As such, they are subject to the jurisdiction of the PUCO under authority of R.C.4905.04 and 4905.05.
In Sta te, ex rel. Northern Ohio Telephone Co. v. Winter (1970),23 Ohio St.2d 6, the Supreme Court of Ohio held that by the enactment of statutory provisions providing a detailed procedure for service and rate complaints, the General Assembly lodged exclusive jurisdiction regarding such matters in the PUCO, subject to review by the Ohio Supreme Court. Id., paragraph one of the syllabus. The Ohio Supreme Court stated:
 The General Assembly has enacted an entire chapter of the Revised Code dealing with public utilities, requiring, inter alia, adequate service, and providing for permissible rates and review procedures.
 E.g., R.C. 4905.04, 4905.06, 4905.22, 4905.231 and 4905.381. Further, R.C. 2905.26 provides a detailed procedure for filing service complaints. This comprehensive scheme expresses the intention of the General Assembly that such powers were to be vested solely in the commission.
Id. at 9.
Consistent with the holding announced in Winter, in Kazmaier Supermarket, Inc. v. Toledo Edison Co. (1991), 61 Ohio St.3d 147,153-54, the Supreme Court of Ohio determined that the PUCO has exclusive jurisdiction to hear and determine matters which are in essence rate and service-oriented. The Supreme Court noted, however, that the courts of common pleas retain jurisdiction over pure common law tort claims and pure contract claims not involving tariffs brought against public utilities. Id., citing Marketing Research Services, Inc. v. Pub. Util. Comm. (1987), 34 Ohio St.3d 52; Kohli v. Pub. Util. Comm. (1985),18 Ohio St.3d 12; Milligan v. Ohio Bell Tel. Co. (1978), 56 Ohio St.2d 191. The question, therefore, is whether appellant's claims are, in essence, service-oriented or pure common law tort or contract claims. See Ohio Graphco, Inc. v. The Ohio Bell Telephone Co. (May 12, 1994), Cuyahoga App. No. 65466, unreported.
Appellant's complaint raises three claims: 1) appellees breached a duty to provide adequate telephone service to appellant; 2) appellees disregarded their duty to fix appellant's telephone service, thereby interfering with appellant's business relationships with her clients; and 3) appellees did nothing to correct the problems with appellant's telephone service, despite numerous complaints regarding the service from appellant and her clients.
Although characterized as claims for breach of contract, tortious interference with contractual relations and negligence, appellant's claims are clearly service-oriented. In essence, appellant claims that appellees provided less than adequate service and repair of her telephone service. Such allegations are actionable pursuant to R.C. 4905.26 and the exclusive jurisdiction for disposition of such claims lies with the PUCO.
 Appellant argues, however, that McComb v. Suburban Natural Gas Co. (1993), 85 Ohio App.3d 397, in which the Third Appellate District held that the common pleas court had jurisdiction of the plaintiff's complaint that the gas company breached its lease agreement with the plaintiff, is controlling because its facts are strikingly similar to this case. We disagree.
In McComb, the plaintiff Village of McComb filed suit against Suburban Natural Gas Company, alleging that the gas company had breached its lease agreement with the Village by requesting a rate determination from the PUCO even though the lease agreement specified that rates were to be fixed by the Village. The Village sought to have the lease agreement declared null and void. The Village did not assert, as appellant does in this case, that the utility had supplied defective service. Rather, the Village asserted that the gas company had breached the lease agreement by raising its rates through a procedure that was contrary to the terms of the parties' lease agreement. The Court of Appeals held that such a dispute is within the jurisdiction of the common pleas court. Appellant's dispute with appellees, however, concerns the quality of service rendered by appellees, not the terms of a private agreement between the parties. Accordingly, McComb is not persuasive.
Appellant also cites three cases — State ex rel. Ohio Edison Co. v. Morris (Dec. 3, 1984), Stark App. No. CA-6432; Harris v. Ohio Edison Co. (Aug. 17, 1995), Mahoning Cty. App. No. 94 C.A. 94, unreported; and Gayheart v. Dayton Power Light Co. (1994), 98 Ohio App.3d 220 — as proof that appellant's complaint in tort and contract lies within the jurisdiction of the common pleas court, not the PUCO. We disagree.
In Morris, supra, the plaintiffs filed a complaint in the court of common pleas alleging that Ohio Edison Company had installed improperly grounded electrical service to the plaintiffs' premises and that the premises, including plaintiffs' livestock, were severely affected by the resulting stray voltage. In response to the plaintiffs' complaint, Ohio Edison filed a complaint for writ of prohibition with the Fifth Appellate District, arguing that the PUCO had exclusive jurisdiction of the plaintiffs' complaint. In determining whether the trial court had subject matter jurisdiction of the plaintiffs' complaint, the Fifth Appellate District noted that the PUCO had failed to act by way of standard or regulation regarding the specific phenomenon alleged in the plaintiffs' complaint, thereby suggesting that the issue raised in the plaintiffs' complaint was not one of those contemplated by the legislature in granting significant administrative authority to the PUCO. In the absence of any standard or regulation regarding stray voltage, the Fifth Appellate District found that the plaintiffs' complaint was not a complaint about service, but rather, a tort claim unrelated to the provision of services by a utility. Therefore, it held that the trial court had subject matter jurisdiction of the plaintiffs' complaint. Unlike Morris, however, appellant's negligence claim is clearly a claim regarding appellees' alleged inadequate service and, therefore, subject to the exclusive jurisdiction of the PUCO.
In Harris, supra, also cited by appellant, the plaintiffs alleged that they sustained significant property damage when a power surge occurred in their electrical system as a result of a negligently connected neutral tap. In considering whether the trial court had properly granted defendant Ohio Edison's motion to dismiss the plaintiffs' complaint, the Seventh Appellate District noted Ohio Edison's argument that the plaintiffs' complaint was premised upon an allegation of inadequate or improper service and, therefore, was subject to the exclusive jurisdiction of the PUCO. The Appeals Court also found, however, that there were also allegations that not only did [Ohio Edison Company] fail to properly install the neutral tap connection, it negligently, recklessly and intentionally failed to investigate and correct this dangerous and potentially deadly breach in its system, despite repeated and urgent requests to do so. Id. Accordingly, the Seventh Appellate District held that where circumstances determining jurisdiction may be subject to more than one interpretation, then the basis of the complaint alone is insufficient to support a dismissal in absence of additional inquiry. The Court reversed the judgment of the trial court, therefore, and remanded the case for further proceedings. Unlike Harris, however, in this case the circumstances determining jurisdiction are subject to only one interpretation: that appellees failed to provide adequate service to appellant. Accordingly, appellant's complaint is service-oriented and subject to the exclusive jurisdiction of the PUCO.
The third case cited by appellant as proof that the common pleas court has jurisdiction of her claims is similarly unpersuasive. In Gayheart, supra, the Second Appellate District held that a complaint asserting that a power surge created by the defendant power company's negligence had caused a fire on the plaintiffs' property was a common law tort claim, rather than a claim related to service. The Court of Appeals reasoned that a power surge was not a practice engaged in regularly by the power company and that the crucial issue in the case involved whether a power surge or faulty wiring caused the fire, not whether any service provided by the power company was unsatisfactory. Accordingly, because the expertise of the PUCO in interpreting its resolutions was not necessary to the resolution of the case, the Second Appellate District held that common pleas court properly exercised jurisdiction over the claim. Id.
We do not find the analysis in Gayheart persuasive. As the Supreme Court of Ohio noted in Kazmaier Supermarket, supra, the basis for determining whether PUCO has exclusive jurisdiction is a determinationregarding whether a matter involves claims which are in essence rate or service-oriented — not whether a claim involves a common practice of the utility or whether resolution of the claim requires the expertise of the PUCO in interpreting its resolutions. Thus, because appellant's claims in this case are service-oriented, they fall under the exclusive jurisdiction of the PUCO.
Appellant's assignment of error is overruled. The action filed by appellant was very clearly a complaint that the service rendered by appellees was not adequate. These allegations are actionable pursuant to R.C. 4905.06 and the jurisdiction for disposition of such a complaint rests exclusively with the PUCO. The trial court, therefore, was without jurisdiction to consider the case and properly granted appellees' motion to dismiss.
Judgment affirmed.
It is ordered that appellees recover of appellant their costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
PATRICIA A. BLACKMON, J. and ANNE L. KILBANE, J., CONCUR.