OPINION
{¶ 1} On September 10, 2002, the Knox County Grand Jury indicted appellant, Alva Wilhelm, on one count of assault in violation of R.C.2903.13. Said charge arose from an incident involving Kevin Carpenter, a peace officer.
 {¶ 2} A bench trial was held on May 5, 2003. By judgment entry filed May 8, 2003, the trial court found appellant not guilty of assault but guilty of obstruction of official business in violation of R.C. 2921.31, and sentenced him to ninety days in jail.
 {¶ 3} On December 22, 2004, appellant filed an application to file a delayed motion for new trial based on newly discovered evidence. By judgment entry filed February 3, 2005, the trial court denied said motion.
 {¶ 4} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 5} "IT CONSTITUTED PREJUDICIAL ERROR FOR THE TRIAL COURT TO ACT IN THE MATTER WHEN THE TRIAL COURT LACKED JURISDICTION IN THIS MATTER FOR THE REASON THAT THE APPELLANT WAS NEVER INDICTED NOR WAS AN INFORMATION FILED ON OBSTRUCTION OF JUSTICE OR OBSTRUCTION OF OFFICIAL BUSINESS AND SAID OBSTRUCTION CRIMES ARE NOT LESSER INCLUDED OFFENSES OF ASSAULT O.R.C. 2921.31 AND O.R.C. 2921.32."
 II {¶ 6} "IT CONSTITUTED PREJUDICIAL ERROR WHEN THE TRIAL COURT DID NOT GRANT APPELLANT'S MOTION TO FILE A DELAYED MOTION FOR NEW TRIAL."
 III {¶ 7} "IT CONSTITUTED PREJUDICIAL ERROR WHEN THE TRIAL COURT DID NOT FACTOR INTO HIS DECISION MAKING PROSECUTORIAL MISCONDUCT."
 IV {¶ 8} "IT CONSTITUTED PREJUDICIAL ERROE (SIC) WHEN THE TRIAL COURT DID NOT FACTOR INTO ITS DECISION MAKING THE MISCONDUCT OF THE STATE'S PRINCIPAL WITNESS."
 I {¶ 9} Appellant claims the trial court erred in finding him guilty of obstructing official business when he had been charged with assault as obstructing official business is not a lesser included offense of assault on a peace officer. For the following reasons, we find this assignment to lack merit.
 {¶ 10} The trial court convicted and sentenced appellant on May 8, 2003. The appeal on this issue was not perfected until February 25, 2005. Pursuant to App.R. 4(A), the time for which to appeal the conviction expired on June 9, 2003. Therefore, we find this appeal is untimely.
 {¶ 11} Appellant argues the issues herein are jurisdictional and therefore the failure to file a timely appeal is of no consequence. The error complained of is that the trial court erred in considering obstruction of official business as a lesser included offense of assault on a peace officer. Therefore, if the trial court was in error on the law of lesser included offenses, it did not divest the trial court of jurisdiction.
 {¶ 12} Assignment of Error I is denied.
 II, III, IV {¶ 13} Appellant claims the trial court erred in denying his application to file a delayed motion for new trial. The delayed motion for new trial was based upon inadequate trial counsel, misconduct of a state's witness and prosecutorial misconduct. We disagree.
 {¶ 14} The granting of a new trial lies in the trial court's sound discretion. State v. Petro (1947), 148 Ohio St. 505. In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217.
 {¶ 15} Crim.R. 33 governs new trial. Subsection (B) states the following in pertinent part:
 {¶ 16} "Application shall be made by motion which, except for the cause of newly discovered evidence, shall be filed within fourteen days after the verdict was rendered, or the decision of the court where a trial by jury has been waived, unless it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from filing his motion for a new trial, in which case the motion shall be filed within seven days from the order of the court finding that the defendant was unavoidably prevented from filing such motion within the time provided herein."
 {¶ 17} In this case, the motion for new trial was made on December 22, 2004, clearly outside the fourteen day rule.
 {¶ 18} Motions for new trial on account of newly discovered evidence shall be filed within one hundred twenty days from the trial court's decision unless "it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from the discovery of the evidence upon which he must rely." Crim.R. 33(B).
 {¶ 19} Appellant's December 22, 2004 affidavit in support of his motion does not set forth any reasons for the delay. There is nothing in the affidavit to support any claim that he was "unavoidably prevented from the discovery" of the new evidence. In his affidavit, appellant claimed his trial counsel never informed him of any redress he would have for proven perjury of a witness and/or prosecutorial misconduct. It was not until after the trial court's denial of the application for delayed motion for new trial that appellant filed the November 11, 2004 deposition of the peace officer, Kevin Carpenter.
 {¶ 20} The pivotal issue for the new trial was whether Mr. Carpenter lied about his bipolar disorder and of ever having been involved in any violent and forcible arrests. During the trial, Mr. Carpenter disclosed he was retired under a medical disability for bipolar disorder. T. at 164-165. However, Mr. Carpenter denied that his disorder caused him to become violent and that he had any complaints filed against him for aggressive behavior. T. at 166. Defense counsel cross-examined Mr. Carpenter on his bipolar disability. T. at 181. Therefore, the fact that Mr. Carpenter had a bipolar disorder that placed him on disability was known, disclosed and discovered during trial. The deposition of November 11, 2004 adds no new evidence on the issue.
 {¶ 21} An affidavit of Tammy Carpenter indicating that Mr. Carpenter was prone to violence was filed August 14, 1981 and therefore was clearly discoverable prior to trial.
 {¶ 22} An affidavit of Rebecca Elliot alleged a 1992 incident involving Mr. Carpenter which would have been discoverable prior to trial.
 {¶ 23} Nowhere in any of the affidavits does appellant explain why he could not have discovered the "new evidence." Appellant merely claimed his attorney did not tell him that he could impeach a witness.
 {¶ 24} Any issues dealing with prosecutorial misconduct are not "newly discovered evidence" and therefore do not benefit from an extended time in Crim.R. 33(B). The claims of prosecutorial misconduct were cognizable issues for a timely direct appeal which was not done sub judice.
 {¶ 25} Upon review, we find the trial court was correct in denying appellant's application for delayed motion for new trial.
 {¶ 26} Assignments of Error II, III and IV are denied.
 {¶ 27} The judgment of the Court of Common Pleas of Knox County, Ohio is hereby affirmed.
Farmer, J., Boggins, P.J. and Gwin, J. concur.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Knox County, Ohio is affirmed.