DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, DMC Inc., dba Rapid Auto Care, appeals from the judgment of the Summit County Court of Common Pleas, which granted Appellee's, Ohio Bell Telephone Company, aka SBC Ameritech, motion to dismiss. We affirm.
 {¶ 2} Appellant filed a Complaint for Temporary Restraining Order, Preliminary Injunction, Money Damages and Other Relief on June 6, 2005, which was subsequently followed with amended complaints on June 10, 2005, and July 1, 2005. In its claims for breach of contract, breach of implied covenant of good faith and fair dealing, and tortious interference, Appellant asserts that Appellee's decision to perform service work using the manhole directly in front of Appellant's main entrance caused a disruption to the business and posed a safety concern for Appellant's customers. Appellant contends that Rapid Auto Care's owner, Danny Malek, had reached an oral agreement with Appellee that Appellee would restrict their work in front of Appellant's business to a time that was mutually convenient to both parties, and that the only time Appellee would block the driveway entrance would be for an emergency. Appellant stated that after making such an oral agreement, Appellee performed additional service work on June 3, 2005, in violation of the agreement, and communicated to Appellant that it would continue to perform work on June 4, 2005, despite Appellant's protests.
 {¶ 3} Appellee filed a Motion to Dismiss on June 13, 2005, stating that the trial court lacked subject matter jurisdiction and the work that SBC was doing was statutorily authorized and not blocking Appellant's customer entrance. The trial court issued a judgment on September 19, 2005, concluding that: 1) the Public Utilities Commission of Ohio (hereinafter "PUCO") had the sole and exclusive jurisdiction to hear and determine matters in dispute such as the one Appellant argues, 2) if Appellant were permitted to prevail in its arguments, the Common Pleas Court of Ohio would usurp the specific jurisdiction given to PUCO under R.C. 4905.04, and 3) the trial court's previous order which imposed injunctive relief until trial on the merits of Appellant's argument was to be vacated. The trial court awarded judgment to Appellee, and Appellant's complaint was dismissed with prejudice. In addition, the trial court also dismissed SBC Ameritech's counterclaim for want of relief. Appellee has not filed any subsequent cross-appeal regarding this counterclaim.
 {¶ 4} Appellant appealed, asserting one assignment of error for our review.
 ASSIGNMENT OF ERROR
"The trial court erred in dismissing the Appellant's complaint and ruling that the Public Utilities Commission of Ohio has the sole and exclusive jurisdiction to hear and determine whether or not claims of breach of oral contract and interference with business relationships fall within the exclusive jurisdiction of the Commission."
 {¶ 5} In its sole assignment of error, Appellant argues that the trial court erred when it dismissed its complaint and concluded that PUCO, not the trial court, had exclusive jurisdiction over his case. Specifically, Appellant contends that PUCO's jurisdiction under R.C. 4905 does not include tort and contract law, even when a public utility is involved, and thus PUCO has no power to judicially ascertain and determine legal rights and liabilities with regard to tort and contract claims. We disagree.
 {¶ 6} As an initial matter, we will discuss the issue of the trial court sua sponte converting Appellee's 12(B)(1) Motion to Dismiss into a summary judgment motion. At first glance, it appears that the trial court converted Appellee's motion to dismiss into a motion for summary judgment because it considered evidence that went beyond the four corners of the complaint. However,
"The trial court is not confined to the allegations of the complaint when determining its subject-matter jurisdiction pursuant to a Civ.R. 12(B)(1) motion to dismiss, and it may consider material pertinent to such inquiry without converting the motion into one for summary judgment." Southgate DevelopmentCorp. v. Columbia Gas Transmission Corp. (1976),48 Ohio St.2d 211, at paragraph one of syllabus.
 {¶ 7} The standard of review for a motion to dismiss pursuant to Civ.R. 12(B)(1) is "whether any cause of action cognizable by the forum has been raised in the complaint." State ex rel. Bushv. Spurlock (1989), 42 Ohio St.3d 77, 80. An appellate court's review of a motion to dismiss predicated on Civ.R. 12(B)(1) is de novo, and therefore it must review the issues independently of the trial court's decision. Crestmont Cleveland Partnership v.Ohio Dept. of Health (2000), 139 Ohio App.3d 928, 936.
 {¶ 8} It is well settled law that PUCO has jurisdiction to adjudicate utility customer complaints related to rates or services of the utility. Kazmaier Supermarket, Inc. v. ToledoEdison Co. (1991), 61 Ohio St.3d 147, 151-52. The Ohio Supreme Court has recognized that "the commission with its expert staff technicians familiar with the utility commission provisions" is best suited to resolve such disputes. Id. at 153.
 {¶ 9} Appellant correctly asserts that contract and pure common-law tort claims against a public utility may be brought in a common pleas court. See State ex rel. Ohio Power Co. v.Harnishfeger (1980), 64 Ohio St.2d 9, 10. However, where a claim is related to service, R.C. 4905.26 gives PUCO exclusive jurisdiction. State ex rel. Northern Ohio Tel. Co. v. Winter
(1970), 23 Ohio St.2d 6, 9-10. Pursuant to R.C. 4905.26:
"Upon complaint in writing against any public utility by any person, firm, or corporation, or upon the initiative or complaint of the public utilities commission, that any rate, fare, charge, toll, rental, schedule, classification, or service, or any joint rate, fare, charge, toll, rental, schedule, classification, or service rendered, charged, demanded, exacted, or proposed to be rendered, charged, demanded, or exacted, is in any respect unjust, unreasonable, unjustly discriminatory, unjustly preferential, or in violation of law, or that any regulation, measurement, or practice affecting or relating to any service furnished by the public utility, or in connection with such service, is, or will be, in any respect unreasonable, unjust, insufficient, unjustly discriminatory, or unjustly preferential, or that any service is, or will be, inadequate or cannot be obtained, and, upon complaint of a public utility as to any matter affecting its own product or service, if it appears that reasonable grounds for complaint are stated, the commission shall fix a time for hearing and shall notify complainants and the public utility thereof. Such notice shall be served not less than fifteen days before hearing and shall state the matters complained of. The commission may adjourn such hearing from time to time."
Furthermore, the Ohio Supreme Court has concluded that "R.C.4905.26 provides a detailed procedure for filing service complaints. This comprehensive scheme expresses the intention of the General Assembly that such powers were to be vested solely in the Commission." Kazmaier, 61 Ohio St.3d at 152, quotingWinter, 23 Ohio St.2d at 9. (Emphasis omitted).
 {¶ 10} As previously discussed, PUCO has exclusive jurisdiction over service-oriented claims. See Winter, supra. Accordingly, we must determine if Appellant's claim is service-oriented.
 {¶ 11} DMC operates an automotive service business at 614 Graham Rd., in Cuyahoga Falls, Summit County, Ohio, on the corner of Oakwood Avenue. Ohio Bell, a licensed telecommunications public utility in Ohio, on numerous occasions, and without prior notice to DMC and others, performed utility service work in and around a manhole in the Oakwood drive in front of the main entrance to DMC during working hours. It is undisputed that the periodic work was undertaken in furtherance of its obligations to perform and supply telecommunications services for its customers.
 {¶ 12} As the trial court noted, it is also undisputed that Appellee is a public utility operating in Ohio under the mandates of Ohio law, with specific reference to PUCO. The telecommunication lines which Appellee operates are located beneath the public roadway in the southbound lane of Oakwood Avenue, near the Graham Road intersection in the city of Cuyahoga Falls, located in Summit County. The phone lines are serviced by Appellee's employees via access through manhole openings in the street. The trial court noted in its judgment that the work conducted by Appellee did not cause any problems for law enforcement and that there were appropriate warning signs for the public indicating there was utility work being performed. The trial court found that Appellant failed to assert an argument that Appellee did not have an obligation to perform the service work at issue, and instead asserted the argument that "the time chosen by [Appellee] to conduct such activities, and [Appellee's] failure to coordinate with [Appellant] so as not to allegedly interrupt the [Appellant's] business is illegal."
 {¶ 13} R.C. 4905.04 states, in its entirety:
"(A) The public utilities commission is hereby vested with the power and jurisdiction to supervise and regulate public utilities and railroads, to require all public utilities to furnish their products and render all services exacted by the commission or by law, and to promulgate and enforce all orders relating to the protection, welfare, and safety of railroad employees and the traveling public, including the apportionment between railroads and the state and its political subdivisions of the cost of constructing protective devices at railroad grade crossings.
"(B) Subject to sections 4905.041 and 4905.042 of the Revised Code, division (A) of this section includes such power and jurisdiction as is reasonably necessary for the commission to perform pursuant to federal law, including federal regulations, the acts of a state commission as defined in 47 U.S.C. 153."
It is clear that the Defendant, Appellee, was involved in the enterprise of providing telecommunication (public utility) services within the reach of R.C. 4905.04. Upon such fact finding the Public Utilities Commission is invested with exclusive, original jurisdiction. See Kazmaier, 61 Ohio St.3d 147.
 {¶ 14} Appellant seeks to bootstrap over and around this hurdle by claiming that there was an agreement between the parties as to the time of provision of such services (so as to accommodate the working hours of the Appellant) which has been breached. It also claims that Ohio Bell breached an implied covenant of good faith and fair dealing, and committed intentional, non-privileged interference with business dealings.
 {¶ 15} Evidence before this Court fails, as a matter of law, to meet the burden of demonstrating any agreement between the parties. Appellant failed to identify either any agent who had authority to commit his principal to binding obligations of performance, or any consideration for the claimed promise. Therefore, we can find no substantive basis for the remedy Appellant seeks. As the Ohio Supreme Court stated in State ex.rel. The Illuminating Co. v. Cuyahoga Cty. Court of Common Pleas,97 Ohio St.3d 69, 2002-Ohio-5312, at ¶ 21, quoting Higgins v.Columbia Gas of Ohio, Inc. (2000), 136 Ohio App.3d 198, "`[c]asting the allegations in the complaint to sound in tort or contract is not sufficient to confer jurisdiction upon a trial court' when the basic claim is one that the commission has exclusive jurisdiction to resolve."
 {¶ 16} After careful review of Appellant's claims and the facts of this case, it is our conclusion that the instant matter is, in essence, a service-oriented matter rather than a common law tort action. This Court is of the opinion that instances such as these were contemplated by the legislature in enacting R.C. 4905, which regulates utility service complaints. We find that the "service" contemplated in R.C. 4905.26 includes Appellee performing service work involving the telecommunication lines as it was doing so on the date at issue. Accordingly, we find that PUCO is best suited to resolve the issues involved in the instant matter. See Kazmaier, 61 Ohio St.3d at 153.
 {¶ 17} We find that because PUCO is vested with exclusive jurisdiction over the instant matter, Appellant could prove no set of facts in support of its claims that would entitle it to the requested relief. Therefore, the trial court properly granted Appellee's motion to dismiss and did not error when it found that it lacked subject matter jurisdiction over Appellant's case.
 {¶ 18} Appellant's sole assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Boyle, P.J. Reader, J. Concur
(Milligan, J., retired, of the Fifth District Court of Appeals, sitting by assignment pursuant to, § 6(C), Article IV, Constitution.)
(Reader, J., retired, of the Fifth District Court of Appeals, sitting by assignment pursuant to, § 6(C), Article IV, Constitution.)