DECISION AND JUDGMENT ENTRY
{¶ 1} This matter is before the court on a complaint filed by relator, John B. Stevens, acting pro se. In his complaint, relator asks this court to prohibit respondent, Lucas County Prosecutor, Julia Bates, and any of her assistants, "from representing the State of Ohio in the instant appeal." For the reasons that follow, we sua sponte dismiss relator's complaint.
 {¶ 2} The proper purpose of a writ of prohibition is "`to prevent a tribunal from proceeding in a matter in which it seeks to usurp or exercise a jurisdiction with which it has not been invested by law.'" State ex rel Stanton v. Franklin Cty. Courtof Common Pleas (1965), 5 Ohio St.2d 17, 19, quoting State exrel. Winnefeld v. Court of Common Pleas of Butler Cty. (1953),159 Ohio St. 225, at paragraph one of the syllabus. In order for the writ to issue, a relator must show: "(1) that the court or officer against whom it is sought is about to exercise judicial or quasi-judicial power, (2) that the exercise of such power is unauthorized by law, and (3) that the refusal of the writ will result in injury for which no other adequate remedy exists."State, ex rel. Starner v. DeHoff, Judge (1985),18 Ohio St.3d 163, 164, citing State, ex rel. Northern Ohio Tel. Co., v.Winter (1970), 23 Ohio St.2d 6, 8.
 {¶ 3} The record shows that on July 2, 2003, following a guilty plea, relator was convicted of one count of possession of cocaine and one count of failure to comply with a police officer. After unsuccessfully attempting to withdraw his guilty plea, appeal his conviction and sentence, and request postconviction relief, relator has filed the complaint herein. Relator now states he has uncovered "newly discovered evidence" showing that respondent and/or her employees engaged in "prosecutor misconduct" by withholding potentially exculpatory evidence from the grand jury. In addition, relator alleges respondent and her office have a "conflict of interest" in this case, because relator filed a civil rights lawsuit against the Toledo Police Department alleging police brutality at the time of his arrest.
 {¶ 4} On consideration, this court finds relator has raised no claim that respondent "is about to exercise judicial or quasi-judicial power," nor has he attempted to challenge the trial court's jurisdiction. In addition, relator has an adequate remedy at law, since a charge of "prosecutorial misconduct," which may or may not involve a "conflict of interest," can be raised in a timely appeal. See State v. Wilhelm, 5th Dist. No. 05CA000007, 2005-Ohio-4400, at ¶ 24.
 {¶ 5} Relator's complaint is dismissed at relator's costs.
Complaint dismissed.
Handwork, J. Skow, J. Parish, J. Concur.