[Cite as *Valentin v. Edison*, 2012-Ohio-2437.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| PABLO VALENTIN, | ) | |
| | ) | |
| PLAINTIFF-APPELLANT, | ) | |
| | ) | |
| V. | ) | CASE NO. 11 MA 93 |
| | ) | |
| OHIO EDISON, | ) | OPINION |
| | ) | |
| DEFENDANT-APPELLEE. | ) | |

CHARACTER OF PROCEEDINGS:     Civil Appeal from Youngstown Municipal
                              Court of Mahoning County, Ohio
                              Case No. 10CV103662Y

JUDGMENT:                     Affirmed

APPEARANCES:
For Plaintiff-Appellant       Atty. Raymond M. Delost
                              3685 Stutz Drive, Suite 100
                              Canfield, Ohio 44406

For Defendant-Appellee        Atty. John T. Dellick
                              26 Market St., Suite 1200
                              P.O. Box 6077
                              Youngstown, Ohio 44501-6077

                              Atty. Michael B. Lindow
                              76 S. Main St., 15th Floor
                              Akron, Ohio 44308

JUDGES:

Hon. Gene Donofrio
Hon. Joseph J. Vukovich
Hon. Cheryl L. Waite

                              Dated: May 29, 2012

DONOFRIO, J.

{¶1} Plaintiff-appellant, Pablo Valentin, appeals from a Youngstown Municipal Court judgment dismissing his case against defendant-appellee, Ohio Edison Company.

{¶2} On or about September 30, 2010, appellant experienced an electrical power surge at his Youngstown residence. Appellant claims, as a result of the power surge, his various electronics were ruined.

{¶3} Acting pro se, appellant filed a small claims lawsuit against appellee asserting, "Ohio Edison's wire was faulty, therefore, it sent a power surge through our property, causing our electronics to blow."

{¶4} Appellee subsequently filed a Civ.R. 12(B)(1) motion to dismiss arguing that the Public Utilities Commission of Ohio (PUCO) has the sole authority to hear and determine electric service complaints from its customers.

{¶5} Appellant retained counsel and filed objections to the magistrate's decision.

{¶6} The trial court considered the objections, overruled them, and adopted the magistrate's decision.

{¶7} Appellant filed a timely notice of appeal on June 6, 2011.

{¶8} Appellant raises a single assignment of error, which states:

THE TRIAL COURT ERRED AS A MATTER OF LAW BY CONCLUDING THAT THE PUBLIC UTILITY COMMISSION OF OHIO (PUCO) HAS EXCLUSIVE SUBJECT MATTER JURISDICTION OVER THE NEGLIGENCE CLAIM BROUGHT BY THE PLAINTIFF AGAINST THE DEFENDANT, UTILITY COMPANY.

{¶9} By enacting R.C. Title 49, the General Assembly created PUCO to administer the activities of public utilities. PUCO's statutorily-granted jurisdiction is exclusive and reviewable only by the Ohio Supreme Court. *Higgins v. Columbia Gas of Ohio*, 136 Ohio App.3d 198, 201, 736 N.E.2d 92 (7th Dist. 2000). PUCO's exclusive jurisdiction includes matters involving public utilities, such as rates and

charges, classifications, and service. *State ex rel. The Illum. Co.*, 97 Ohio St.3d 69, 2002-Ohio-5312, ¶18. The common pleas courts retain subject-matter jurisdiction only on claims of pure common-law tort and certain contract actions. *Id.* at ¶20.

{¶10} Appellant argues that his complaint is one in negligence and, therefore, does not fall within PUCO's exclusive jurisdiction. Appellant asserts that the substance of his claim is that appellee was negligent in failing to inspect, repair, and maintain its electric feed wire that is attached to his house. He urges that PUCO's expertise is not required to resolve this claim. Instead, appellant argues that his claim is like that of any other claim brought against a business that negligently fails to correct a known, dangerous condition on its property.

{¶11} A trial court's decision on a motion to dismiss under Civ.R. 12(B)(1) for lack of subject-matter jurisdiction raises questions of law; thus, an appellate court reviews the decision de novo. *Morway v. Durkin*, 181 Ohio App.3d 195, 199, 2009-Ohio-932, 908 N.E.2d 510, ¶18 (7th Dist.).

{¶12} R.C. 4905.26 provides:

Upon complaint in writing against any public utility by any person * * * that any rate, fare, charge, toll, rental, schedule, classification, or service * * * or service rendered * * * is in any respect unjust, unreasonable, unjustly discriminatory, unjustly preferential, or in violation of law, or that any regulation, measurement, or practice affecting or relating to any service furnished by the public utility, or in connection with such service, is, or will be, in any respect unreasonable, unjust, insufficient, unjustly discriminatory, or unjustly preferential, or that any service is, or will be, inadequate or cannot be obtained, * * * if it appears that reasonable grounds for complaint are stated, the commission shall fix a time for hearing and shall notify complainants and the public utility thereof.

{¶13} The Ohio Supreme Court has interpreted R.C. 4905.26 to confer

jurisdiction on PUCO to hear all complaints pertaining to rates and/or service provided by a public utility. *Higgins*, 136 Ohio App.3d at 201, citing *Kazmaier Supermarket, Inc. v. Toledo Edison Co.*, 61 Ohio St.3d 147, 573 N.E.2d 655 (1991). Casting the allegations in the complaint to sound in tort or contract does not confer jurisdiction upon a trial court when the basic claim is one relating to service, which only PUCO has jurisdiction to resolve. *Higgins*, 136 Ohio App.3d at 202. See, also, *DeLost v. First Energy Corp.*, 7th Dist. No. 07-MA-194, 2008-Ohio-3086, ¶21; *Suleiman v. Ohio Edison Co.*, 146 Ohio App.3d 41, 45, 764 N.E.2d 1098 (7th Dist. 2001).

{¶14} In determining whether a claim is under PUCO's exclusive jurisdiction, we apply the two-question test adopted by the Ohio Supreme Court in *Allstate Ins. Co. v. Cleveland Elec. Illuminating Co.*, 119 Ohio St.3d 301, 2008-Ohio-3917, 893 N.E.2d 824, ¶12-13, quoting *Pacific Indemn. Ins. Co. v. Illum. Co.*, 8th Dist. No. 82074, 2003-Ohio-3954, ¶15:

> "First, is PUCO's administrative expertise required to resolve the issue in dispute? Second, does the act complained of constitute a practice normally authorized by the utility?"
>
> If the answer to either question is in the negative, the claim is not within PUCO's exclusive jurisdiction.

{¶15} As to the first question, PUCO's administrative expertise is required to resolve the issue in dispute. The issue is whether appellee provided faulty service to appellant resulting in a power surge. This issue is specifically governed by appellee's tariffs, which are filed with and approved by PUCO.

{¶16} Section IV(B) of appellee's tariff provides in part:

> **Continuity**: The Company will endeavor, but does not guarantee, to furnish a continuous supply of electric energy and to maintain voltage and frequency within reasonable limits. The Company

shall not be liable for damages which the customer may sustain due to variations in service characteristics or phase reversals.

And Section X(B) of appellee's tariff provides in part :

**Limitation Of Liability**: The Company shall not be liable for any loss, cost, damages or expense that the customer may sustain by reason of damage to or destruction of any property, including the loss of use thereof, arising out of, or in any manner connected with, interruptions in service, variations in service characteristics, high or low voltage * * * whether such damages are caused by or involve any fault or failure of the Company or otherwise except such damages that are caused by or due to the willful and wanton misconduct of the Company.

**{¶17}** When the plaintiff's cause of action falls within the parameters of the utility company's tariffs, review by a common pleas court or appellate court would result in usurpation of authority from PUCO and the Ohio Supreme Court. *LaForge v. Cleveland Elec. Illuminating Co.*, 115 Ohio App.3d 740, 741, 686 N.E.2d 311 (11th Dist. 1996).

**{¶18}** Furthermore, in examining a power-surge claim against an electric company, the Eighth Appellate District has stated:

Here, the plaintiffs argue that CEI is responsible for damages stemming from two alleged power surges. Plaintiffs' claim calls into question the manner by which CEI provided electrical service. In addressing the power surges, it will be necessary to determine whether CEI's response and correction of the problem complied with industry standards. The answers to these questions require the expertise of the PUCO administration because jurors do not have the experience or understanding regarding the distribution of electricity. The determination of issues related to applicable laws and regulations, industry practices and standards, is best accomplished by PUCO with its expert staff

technicians familiar with the utility commission provisions.

*Pro Se Commercial Properties v. Illuminating Co.*, 8th Dist. No. 92961, 2010-Ohio-516, ¶11.

{¶19} Based on the above considerations, the answer to the first question (is PUCO's expertise required to resolve the dispute in this case?) is yes.

{¶20} As to the second question, the act complained of constitutes a practice normally authorized by appellee. Appellant's complaint alleges that appellee's "wire was faulty" causing it to send "a power surge" through his property, which damaged his electronics.

{¶21} What appellant alleges falls under the broad category of "service," which is within PUCO's jurisdiction. Quality of service complaints fall under PUCO's jurisdiction. *Miles Management Corp. v. First Energy Corp.*, 8th Dist. No. 84197, 2005-Ohio-1496, ¶12, citing *State ex rel. Columbia Gas of Ohio, Inc. v. Henson*, 102 Ohio St.3d 349, 2004-Ohio-3208, 810 N.E.2d 953, ¶20. A power surge is a service-related complaint. *Hiener v. Cleveland Elec. Illuminating Co.*, 11th Dist. No. 95-G-1948, 1996 WL 495092 (Aug. 9, 1996). Likewise, a period of low voltage, commonly called a "brownout," is also service-related. *LaForge*, 115 Ohio App.3d at 741. "When one suffers damages related to events that are purely electrical, * * * the claim is service-related and under PUCO's jurisdiction." *Pro Se Commercial Properties*, at ¶15.

{¶22} Appellant claims that at one point in time, too much power was provided to his home causing damages. In other words, he claims there was a problem with his service that resulted from a faulty wire and a power surge. Thus, the answer to the second question (does the act complained of constitute a practice normally authorized by the utility?) also is yes.

{¶23} Because both questions of the *Allstate* test are answered in the affirmative, appellant's claim is within PUCO's exclusive jurisdiction. Accordingly, appellant's sole assignment of error is without merit.

{¶24} For the reasons stated above, the trial court's judgment is hereby

affirmed.

Vukovich, J., concurs.

Waite, P.J., concurs.