FOOD FRANCHISES, INC., APPELLANT,
v. DONOFRIO ET AL., APPELLEES.

(No. 11512—Decided April 25, 1984.)

*Mr. Harry A. Tipping,* for appellant.

*Mr. Duane Morris,* for appellee Federated Dept. Stores.

*Mr. Frank E. Quirk,* for appellee First Natl. Bank of Akron.

*Mr. Harold Stubbs,* director of law, and *Mr. Randall A. Cole,* for appellee city of Akron.

*Mr. Lynn C. Slaby,* prosecuting attorney, for appellees John Donofrio and Tim Davis.

GEORGE, J. The plaintiff-appellant, Food Franchises, Inc., appeals the judgment of the trial court dismissing the case for lack of jurisdiction. This court affirms that judgment.

Defendant-appellee, Federated Department Stores, Inc., owned 11.85 acres of land in Akron, Ohio, of which 471.65 feet fronted upon Tallmadge Avenue. In 1976, as a result of improvements made to Tallmadge Avenue, a special assessment was placed on the land for $5,660.49 per one-half year. This assessment was to run for a period of ten years and constituted a lien on this parcel of land.

On September 20, 1979, Federated conveyed .661 acres, or 5.5 percent of this land to the First National Bank of Akron, as trustee. However, the bank's parcel had a frontage of one hundred fifty feet on Tallmadge Avenue. This represented 31.8 percent of the total frontage of Federated's parcel of land before the conveyance.

On September 21, 1979, the bank leased this land to Food Franchises for a period of twenty years. Under the terms of the lease Food Franchises was obligated to pay all taxes, including special and general assessments, attributed to the land.

In the 1979 tax year, the special assessment was split into two parts due to the conveyance. Sixty-eight and two-tenths percent of the assessment was allotted to the property retained by Federated. Thirty-one and eight-tenths percent of the assessment was allotted to the parcel conveyed to the bank and leased to Food Franchises. This allocation was based on the relative frontage between the two parcels. Tax bills were sent to the parties in 1979 and subsequent years based on this allocation. Food Franchises paid this assessment for the years 1980 and 1981.

In 1982, Food Franchises filed this action for a declaratory judgment and requested injunctive relief, contending that the assessment was unconstitutional and illegal under Ohio law. The trial court dismissed this case for lack of jurisdiction. Food Franchises appeals raising the following assignments of error:

"1. The lower court erred by concluding that it lacked jurisdiction of the within matter for appellant's failure to pursue statutorily granted remedies as

such remedies were inapplicable and impossible to pursue under the facts and circumstances of the present case.

"2. The lower court erred by refusing to make a declaratory judgment finding that the within assessment should be billed on a square foot rather than front foot basis as the existing assessment is illegal, unfair and unreasonable under Ohio law."

Food Franchises contends that it is entitled to declaratory judgment and injunctive relief because it had no adequate remedy at law. This argument is based on the fact that Food Franchises had no standing to object to the special assessment at the time it was assessed against the land in 1976.

This argument is without merit. Food Franchises is not contesting the original assessment. Rather, it is challenging the propriety of the apportioned assessment after Federated conveyed a portion of its land to the bank. The Revised Code provides a remedy once a special assessment has been split due to a conveyance.

R.C. 319.42 provides:

"Whenever a portion of a tract or parcel of real estate is conveyed to another owner, and such tract or parcel bears unpaid special assessments, the authority certifying such assessments shall, on request of the county auditor, furnish the auditor with the proportionate amounts of the assessments to be allocated to the portion of the original tract or parcel so conveyed to another owner, and the lien of the assessments, as levied against the original tract or parcel, shall extend to the portion conveyed only to the extent of the amount so allocated to the portion by the certifying authority. This section does not change the total amount of the assessments as originally levied, or the total amount of the balances due."

Further, R.C. 319.20 provides in part:

"Section 319.42 of the Revised Code applies to the apportionment of special assessments.

"Complaint against such values as determined by the auditor or the allocation of assessments by the certifying authority may be filed by the transferee or the remaining owner, and if filed, proceedings including appeals shall be had in the manner and within the time provided by sections 5717.01 to 5717.06 and 5715.19 to 5715.22 of the Revised Code, for complaints against valuation or assessment of real property."

Thus, a statutory remedy exists for contesting the apportionment of a special assessment when a parcel of real estate is subdivided. In the instant case, the conveyance of the land occurred on September 20, 1979. Food Franchises executed its lease with the bank on September 21, 1979. The apportionment of the special assessment was made after the conveyance and after the lease was executed. Thus, Food Franchises was a party with standing to appeal after the assessment was apportioned.

A taxpayer who failed to pursue the remedy provided by statute is not entitled to alternative relief. *Hammond* v. *Winder* (1925), 112 Ohio St. 158; and 50 Ohio Jurisprudence 2d (1961) 324, Statutes, Section 347. Since Food Franchises had a statutory remedy, it is not entitled to declaratory judgment or injunctive relief.

Accordingly, these assignments of error are overruled and the judgment of the trial court is affirmed.

*Judgment affirmed.*

MAHONEY, P.J., and QUILLIN, J., concur.