[Cite as *Bollenbacher v. Wayne Cty. Bd. of Commrs.*, 2012-Ohio-4198.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF WAYNE | ) | |

GARY BOLLENBACHER, et al.

     Appellants

     v.

WAYNE COUNTY BOARD OF
COMMISSIONERS, et al.

     Appellees

C.A. No.     11CA0062

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF WAYNE, OHIO
CASE No.     11-CV-0669

DECISION AND JOURNAL ENTRY

Dated: September 17, 2012

MOORE, Judge.

{¶1}  Plaintiffs, Gary and Janet Bollenbacher, individually and as co-trustees of the Gary Bollenbacher Irrevocable Living Trust Agreement, ("the Bollenbachers") appeal from the judgment of the Wayne County Court of Common Pleas, which dismissed their action for lack of subject matter jurisdiction pursuant to Civ.R. 12(B)(1). This Court affirms in part, reverses in part, and remands this matter to the trial court for further proceedings consistent with this opinion.

I.

{¶2}  In 2011, the Bollenbachers filed a complaint against Wayne County and the Wayne County Board of Commissioners ("the Board") alleging the following facts. On June 2, 2010, the Board adopted a resolution declaring the necessity of a project to abate ground water pollution in the area of Batdorf Road and Scenic Heights in Wayne County ("Necessity Resolution"). The Board included in its resolution an estimated cost of the project and a

tentative assessment against affected property owners of $10,000 per parcel. On June 30, 2010, the Board issued a resolution stating that no combination, re-platting or renumbering of any of the affected parcels which occurred after June 30, 2010, would be recognized by the Board for purposes of calculating the assessments.

{¶3} The Bollenbachers own an improved, residential parcel of land in the project area, and they are co-trustees of the trust which owns an adjoining, unimproved parcel of land, also located in the project area. The Bollenbachers sought the Board's approval to combine these parcels and to pay only a single assessment, and the Board denied the request. The Bollenbachers further requested a deferment of the assessment pursuant to R.C. 6117.061, which the Board also denied.

{¶4} In their complaint, the Bollenbachers sought a declaratory judgment, an injunction, and other relief, contending that the June 30, 2010 resolution was unlawful and unconstitutional and also arguing that their request for deferment should have been granted. In response to the complaint, the Board filed a motion to dismiss pursuant to Civ.R. 12(B)(1), arguing that the trial court lacked subject matter jurisdiction to entertain this action because exclusive jurisdiction lay in the probate court to hear appeals of the apportionment of assessments and arguing that an appeal of the decision denying the deferment was precluded by statute. The trial court agreed and dismissed the complaint. The Bollenbachers timely appealed from the dismissal entry and present one assignment of error for our review.

II.

**ASSIGNMENT OF ERROR**

THE TRIAL COURT ERRED IN ITS NOVEMBER 29, 2011 JUDGMENT ENTRY GRANTING [THE BOARD'S] MOTION TO DISMISS THE COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION.

{¶5} In their sole assignment of error, the Bollenbachers argue that the trial court erred in its determination that exclusive jurisdiction to hear this matter lay in the probate court, and, accordingly, the trial court erred in granting the Board's motion to dismiss.

{¶6} Civ.R.12 (B)(1) provides that a party may move to dismiss a claim based upon the forum's lack of subject matter jurisdiction. We review a motion to dismiss pursuant to Civ.R. 12(B)(1) de novo, applying the same standard as the trial court but without deference to the trial court's determination. *Mellion v. Akron City School Dist. Bd. of Edn.*, 9th Dist. No. 23227, 2007-Ohio-242, ¶ 6, citing *Crestmont Cleveland Partnership v. Ohio Dept. of Health*, 139 Ohio App.3d 928, 936 (10th Dist.2000). A motion to dismiss pursuant to Civ.R. 12(B)(1) should be denied when "any cause of action cognizable by the forum has been raised in the complaint." *State ex rel. Bush v. Spurlock*, 42 Ohio St.3d 77, 80 (1989). However, in making a determination regarding subject matter jurisdiction, "[t]he trial court is not confined to the allegations of the complaint," and "it may consider material pertinent to such inquiry without converting the motion into one for summary judgment." *Southgate Development Corp. v. Columbia Gas Transmission Corp.*, 48 Ohio St.2d 211 (1976), paragraph one of the syllabus.

{¶7} Here, in their complaint, the Bollenbachers raised challenges to the June 30, 2010 resolution prohibiting the combination of parcels for purposes of the assessment. They also challenge the Board's denial of their request for deferment. We will discuss the trial court's jurisdiction over these issues separately.

Assessment Resolutions

{¶8} The board of county commissioners is statutorily granted the authority to impose special assessments in compliance with the procedures outlined in R.C. 6117. Pursuant to R.C. 6117.06(E), after complying with certain procedures set forth in that section, the board may

adopt a resolution setting forth the necessity of the project, "for the preservation and promotion of the public health and welfare," and including in this resolution "the plans, specifications, estimate of cost, and tentative assessment[.]" After providing notice to the affected property owners, holding a public hearing, and allowing certain time for objections, the board then meets to determine if it should proceed with the project. R.C. 6117.06(E); R.C. 6117.07. The procedures applicable to the assessment culminate with the board's adoption of an "improvement resolution" whereby the board resolves to proceed with the project as proposed or as amended. R.C. 6117.07.

{¶9} An affected property owner may appeal from an improvement resolution pursuant to R.C. 6117.09, which in part provides,

> Any owner of property to be assessed or taxed for an improvement under sections 6117.01 to 6117.45 or sections 6103.01 to 6103.30 of the Revised Code, may appeal to the probate court from the action of the board of county commissioners in determining to proceed with the improvement in regard to any of the following matters:
>
> (A) The necessity of the improvement, including the question whether the cost of the improvement will exceed the benefits resulting therefrom;
>
> (B) Boundaries of the assessment district;
>
> (C) The tentative apportionment of the assessment.

{¶10} Here, in its motion to dismiss, the Board provided the trial court with a copy of its September 28, 2010 "Improvement Resolution" wherein it had resolved to proceed with the sewer project as set forth in the Necessity Resolution and as thereafter amended. *See* R.C. 6117.07. The Board then argued that the Bollenbachers' challenges to the assessment pertained to the apportionment of the assessment, and their ability to set forth challenges were limited to the above statutory appeal procedure. *See* R.C. 6117.09(C). The trial court agreed and

determined that exclusive jurisdiction to consider this matter lay in the probate court and dismissed the complaint.

{¶11} The Bollenbachers argue that R.C. 6117.09 is inapplicable to their challenges to the June 30, 2010 resolution, which prohibited consideration of the combination of parcels in calculating the assessment. Therefore, the Bollenbachers argued that the trial court had jurisdiction over this matter to render the relief sought, including declaratory judgment and an injunction.

{¶12} "A declaratory judgment action allows a court of record to declare the rights, status, and other legal relations of the parties whether or not any further relief is or could be claimed. Civ.R. 57 and R.C. 2721.01 et seq." *Summit Constr. Co., Inc. v. L.L.F.J.A.O., L.L.C.*, 9th Dist. No. 25621, 2012-Ohio-568, ¶ 9, quoting *State ex rel. AFSCME v. Taft*, 156 Ohio App.3d 37, 2004-Ohio-493, ¶ 26 (3d Dist.). However, an action for declaratory judgment must be brought in a court that has subject matter jurisdiction over the underlying controversy. *See City of Urbana ex rel. Newlin v. Downing*, 43 Ohio St.3d 109, 110 (1989) ("A municipal court is a court of record which has the power to grant declaratory relief provided it has subject-matter jurisdiction over the underlying action.") Some Ohio courts have determined that a challenge to an assessment adopted under R.C. 6117 is proper *only* before the probate court. *See Concerned Businessmen of Catawba Island Twp. v. Ottawa Cty. Bd. of Commrs.*, 115 Ohio App.3d 437, 441 (6th Dist.1996) (Property owner's challenge to the amount of assessments "is proper only before the probate court as provided for under R.C. 6117.09."), and *Smith v. Bd. of Cty. Commrs. of Highland County*, 4th Dist. No. 00CA10, 2000 WL 33226171 (Dec. 1, 2000). *See also* R.C. 2101.24(A)(2) (probate court has exclusive jurisdiction over subject matter where a section of

the Revised Code expressly confers jurisdiction over that subject matter upon the probate court and does not expressly confer jurisdiction over that matter upon another court).

{¶13} As a related issue, where a statutory remedy is available, "[a] taxpayer who failed to pursue the remedy provided by statute is not entitled to alternative relief." *Food Franchises, Inc. v. Donofrio*, 16 Ohio App.3d 118, 119 (9th Dist.1984). Although the failure to exhaust statutory remedies is not a matter of jurisdiction, it may constitute a defense to a complaint for declaratory judgment and injunction. *See Jones v. Chagrin Falls*, 77 Ohio St.3d 456 (1997). The Ohio Supreme Court has held that property owners challenging the apportionment of an assessment cannot seek to enjoin the assessment if they have failed to follow the statutory remedies available. *Wagner v. Messner*, 136 Ohio St. 514, 516 (1940).

{¶14} However, in *Domito v. Maumee*, 140 Ohio St. 229 (1942), the Court determined that, although property owners forfeit their rights to enjoin the apportionment of the assessment on *statutory* grounds if they do not comply with statutory procedures, this does not preclude them from seeking to enjoin the assessment on *constitutional* grounds. *See also Jones* at 460. Relying on *Domito*, the Fourth District in *Smith* addressed a case similar to the one at bar. In that case, Smith, a property owner, filed a complaint in the common pleas court which challenged the board of commissioners' levy of a sewer assessment. *Id.* at *1. In her complaint, Smith argued that assessment was confiscatory and unconstitutional. *Id.* Citing R.C. 6117.09, the board argued that Smith's complaint challenged the apportionment of the assessment on statutory grounds, and she had "merely characterized her complaint as constitutional, rather than statutory, in order to avail herself of a remedy that she failed to timely seek in the proper court." *Id.* The trial court determined that Smith could not file the action to enjoin a sewer assessment if she had notice of a sewer assessment and did not avail herself of the statutory remedies pursuant

to the Supreme Court's holding in *Wagner*. *Smith* at *1. The trial court, a common pleas court, determined that it lacked jurisdiction over Smith's complaint. *Id.*

{¶15} Smith appealed the trial court's dismissal of her complaint to the Fourth District. *Id.* at *1-2. The Fourth District determined that Smith's allegations raised the claim of an unconstitutional taking of property without due process of law. *Id.* at *2-3. Therefore, pursuant to the Supreme Court's decision in *Domito*, the Fourth District reversed the trial court's dismissal, as it had jurisdiction to hear her action pertaining to an unconstitutional taking, and she had not forfeited her ability to seek to enjoin the assessment on constitutional grounds. *Id.* at *2-3.

{¶16} Here, the Bollenbachers alleged in their complaint that the June 30, 2010 resolution constituted "an unlawful assessment by [the Board] under Chapter 6117," and that it was adopted without proper notice and constituted a taking of property without due process of law. *See Smith* at *3, citing *Domito* at paragraph one of the syllabus. Therefore, their complaint raises both statutory and constitutional challenges to the resolution. To the extent that the Bollenbachers challenged the apportionment of the assessment as not compliant with Chapter 6117, the trial court correctly dismissed the complaint, as such a challenge was proper only before the probate court. *See Domito* at paragraph two of the syllabus. However, to the extent that the Bollenbachers argue that the assessment constituted an unconstitutional taking of property without due process of law, this claim was cognizable by the trial court, and thus the complaint should not have been dismissed for lack of jurisdiction. *See id*. Further, the Bollenbachers did not forfeit their right to seek injunction on constitutional grounds. *See Jones* at 460.

Request for Deferment

**{¶17}** In regard to the Bollenbachers' challenge to the Board's denial of their request for deferment, R.C. 6117.061 provides that "[t]he decision of the board on any request for deferment shall be final and no appeal therefrom may be taken."

**{¶18}** In their brief, the Bollenbachers contend that "[c]ourts in Ohio exist to construe and interpret statutes of the Ohio legislature such as the one at issue relating to deferment of assessment." However, the Bollenbachers do not develop an argument which would support the proposition that the trial court had jurisdiction to review the Board's decision denying the deferment. We decline to develop an argument on their behalf. *See* App.R. 16(A)(7). Accordingly, to the extent that the Bollenbachers argue that the trial court erred in dismissing their claim regarding their request for deferment, their assignment of error is overruled.

### III.

**{¶19}** We overrule the Bollenbachers' assignment of error to the extent that they challenge the trial court's dismissal of their statutory claims against the assessment and their claim regarding their request for deferment. We sustain their assignment of error to the extent that they challenge the trial court's dismissal of their constitutional claims pertaining to the assessment.

**{¶20}** Accordingly, the judgment of the trial court is affirmed in part, reversed in part, and this matter is remanded to the trial court for further proceedings consistent with this opinion.

Judgment affirmed in part,<br>
reversed in part,<br>
and cause remanded.

_____

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to both parties.

_____
CARLA MOORE
FOR THE COURT


WHITMORE, P. J.
DICKINSON, J.
CONCUR.


APPEARANCES:

KEVIN J. BREEN, Attorney at Law, for Appellants.

DANIEL R. LUTZ, Prosecuting Attorney, for Appellees.