[Cite as *Romano Constr., L.L.C. v. B.G.C., L.L.C.*, 2013-Ohio-681.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

ROMANO CONSTRUCTION LLC

    Appellant

    v.

B.G.C., LLC

    Defendant

    and

LOCAL UNION #80

    Appellee

C.A. No.    26469

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CV 2012-01-0339

DECISION AND JOURNAL ENTRY

Dated: February 27, 2013

WHITMORE, Judge.

{¶1} Plaintiff-Appellant, Romano Construction, LLC ("Romano Construction"), appeals from the judgment of the Summit County Court of Common Pleas, dismissing its complaint against Defendant-Appellee, Local Union No. 80 ("Local 80"), for lack of subject matter jurisdiction. This Court affirms.

I

{¶2} B.G.C., LLC hired Romano Construction to perform certain plaster work at a facility on Richmond Road. Before Romano Construction could begin work on the contract, B.G.C., LLC informed it that its services would not be necessary. Specifically, B.G.C., LLC

indicated that the local union had formed a picket line at the project site that "some tradesmen [would] not cross," so it intended to hire a union company to perform the plaster work.

{¶3} Romano Construction brought suit against Local 80 for intentional interference with a business relationship, claiming that Local 80 caused B.G.C., LLC to breach its contract with Romano Construction. Local 80 filed a motion to dismiss, arguing that the trial court lacked jurisdiction over Romano Construction's claim because it was preempted by the National Labor Relations Act ("NLRA"). The trial court ultimately agreed that the claim was preempted and dismissed it for lack of subject matter jurisdiction.

{¶4} Romano Construction now appeals and raises one assignment of error for our review.

II

Assignment of Error

WHETHER THE TRIAL COURT COMMITTED ERROR BY DISMISSING THE COMPLAINT AGAINST LOCAL UNION 80 FOR LACK OF SUBJECT MATTER JURISDICTION.

{¶5} In its sole assignment of error, Romano Construction argues that the trial court erred by dismissing its claim against Local 80 for intentional interference with a business relationship. Specifically, it argues that its claim is not preempted by the NLRA.

{¶6} A defendant may seek the dismissal of any claim for lack of subject matter jurisdiction under Civ.R. 12(B)(1). "[I]n making a determination regarding subject matter jurisdiction, '[t]he trial court is not confined to the allegations of the complaint,' and '[] may consider material pertinent to such inquiry without converting the motion into one for summary judgment.'" *Bollenbacher v. Wayne Cty. Bd. of Commrs.*, 9th Dist. No. 11CA0062, 2012-Ohio-4198, ¶ 6, quoting *Southgate Development Corp. v. Columbia Gas Transmission Corp.*, 48 Ohio

St.2d 211 (1976), paragraph one of the syllabus. Dismissal is inappropriate if "any cause of action cognizable by the forum has been raised in the complaint." *State ex rel. Bush v. Spurlock*, 42 Ohio St.3d 77, 80 (1989). "An appellate court's review of a motion to dismiss predicated on Civ.R. 12(B)(1) is de novo, and therefore it must review the issues independently of the trial court's decision." *DMC, Inc. v. SBC Ameritech*, 9th Dist. No. 22926, 2006-Ohio-2970, ¶ 7.

{¶7} The NLRA "contains no express preemption provision," but nevertheless preempts state law claims if those claims would conflict with the federal law, frustrate the federal scheme, or encroach upon a field Congress sought to exclusively occupy. *J.A. Croson Co. v. J.A. Guy, Inc.*, 81 Ohio St.3d 346, 350 (1998). Two distinct preemption doctrines exist. *Id.* at 351. Under the *Garmon* doctrine, "[w]hen it is clear or may fairly be assumed that the activities which a State purports to regulate are protected by [Section 157] of the [NLRA], or constitute an unfair labor practice under [Section 158], due regard for the federal enactment requires that state jurisdiction must yield." *San Diego Bldg. Trades Council, Millmen's Union, Local 2020 v. Garmon*, 359 U.S. 236, 244 (1959). If the National Labor Relations Board has decided that conduct is either protected or prohibited by the NLRA, "the matter is at an end and states are ousted of all jurisdiction." *J.A. Croson Co.* at 352. If the Board has not yet decided the issue, but the alleged conduct arguably falls within the NLRA's provisions, "courts generally must refrain from adjudicating the issue." *Id. Accord Ohio State Bldg. & Constr. Trades Council v. Cuyahoga Cty. Bd. of Commrs.*, 98 Ohio St.3d 214, 2002-Ohio-7213, ¶ 54, quoting *Wisconsin Dept. of Industry, Labor & Human Relations v. Gould, Inc.*, 475 U.S. 282, 286 (1986) ("States may not * * * 'regulate activity that the NLRA protects, prohibits, or arguably protects or prohibits.'"). An exception to the *Garmon* doctrine lies when unprotected conduct "was a merely peripheral concern of the [NLRA] [or] touched interests so deeply rooted in local feeling

and responsibility that, in the absence of compelling congressional direction, [courts] could not infer that Congress had deprived States of all power to act." *Id.* at 355, quoting *Garmon* at 243-244. Yet, the exception is "inapplicable where state regulation would restrain or inhibit activity that is actually protected by Section [157] of the NLRA." *J.A. Croson Co.* at 356.

{¶8} Under the *Machinists* doctrine, states may not regulate "areas that have been left 'to be controlled by the free play of economic forces.'" *J.A. Croson Co.* at 351, quoting *Lodge 76, Internatl. Ass'n of Machinists and Aerospace Workers, AFL-CIO v. Wisconsin Employment Relations Comm'n*, 427 U.S. 132, 140 (1976). "This analysis reflects the [NLRA's] broader purpose of restoring an equality of bargaining power between labor and management and is invoked primarily in cases involving the use of certain self-help economic weapons to which the parties occasionally resort in an effort to advance their respective bargaining goals." *Ohio State Bldg. & Constr. Trades Council* at ¶ 56. The *Machinists* doctrine "does not pertain to conduct that is either arguably or clearly protected or prohibited under * * * the NLRA. Instead, it involves a range of activity that is not expressly regulated under the NLRA * * *." *J.A. Croson Co.* at 357.

{¶9} The trial court determined that it lacked jurisdiction to hear Romano Construction's claim for intentionally interfering with a business relationship because picketing, the alleged conduct upon which the claim was based, is an activity regulated by the NLRA. Romano Construction argues that the trial court erred by dismissing its complaint because it was not challenging Local 80's right to picket. Instead, it argues that it was challenging Local 80's purposeful interference with a binding contract.

{¶10} In its complaint against Local 80, Romano Construction did not allege any particular conduct on Local 80's part. It did, however, attach an email to the complaint that it

had received from the President of B.G.C., LLC. The email notified Romano Construction of B.G.C., LLC's intention to terminate their contract. The email from B.G.C., LLC's president provided:

> I will not be able to use you on this project. The union has started [a] picket line and some tradesmen will not cross. I have been informed [b]y [J.P.] at the Geis companies that I should pay a[n] extra $ 15,000.00 for AC Plastering which is a union company. I hope to work with you on future projects.

Local 80 filed its motion to dismiss on the basis of preemption because, it argued, Romano Construction only sought to sue it for having engaged in picketing, a regulated activity. In response, Romano Construction filed an amended complaint. The amended complaint indicated that Romano Construction "had no problem or complaints with the picketing or other standard union activities by [Local 80] at the job site." Rather, the problem was that Local 80:

> for the purpose of interfering with [Romano Construction's] contract with B.G.C. LLC, got all tradesmen at the job site * * * to refuse to work unless B.G.C. LLC got rid of the contract with [Romano Construction] and a [Local 80] member was given the job.

Romano Construction argues on appeal that the plain language of its amended complaint evidences that it was not challenging any picketing that occurred.

{¶11} The problem with Romano Construction's argument is that, while it generally asserted that Local 80 interfered with its contract, it never specified how Local 80 did so other than to say that it "got all tradesmen at the job site * * * to refuse to work." The letter from B.G.C., LLC that Romano Construction attached to its own complaint plainly indicates that the reason the tradesmen were not working was that they would not cross the picket line that the union had formed at the job site. B.G.C., LLC opted to hire another company to perform Romano Construction's contract to stop the union from picketing. Thus, while Romano

Construction claims not to challenge the picketing that Local 80 allegedly performed at the job site, the picketing was in fact the conduct that caused B.G.C., LLC to breach the contract.

{¶12} "Picketing, depending on the circumstances, is both arguably protected under section [157] and arguably prohibited under section [158]." *Fechko v. Excavating, Inc. v. Ohio Valley & S. States LECET*, 9th Dist. No. 09CA0006-M, 2009-Ohio-5155, ¶ 17. Under the *Garmon* doctrine, a state court generally must refrain from adjudicating a picketing issue unless an exception to the *Garmon* doctrine applies. *See J.A. Croson Co.*, 81 Ohio St.3d 352. This Court has recognized that "[c]laims of tortious interference with business relations do not fall within the *Garmon* exception for regulated conduct which is deeply rooted in local feeling and responsibility." (Internal quotations omitted.) *Fechko* at ¶ 18, quoting *A & D Supermarkets, Inc., #2 v. United Food & Commercial Workers, Local Union 880*, 732 F.Supp. 770, 779 (N.D.Ohio 1989). Therefore, Romano Construction's claim is one that the *Garmon* doctrine prohibits state courts from hearing. Further, because Romano Construction's claim pertains to conduct that is arguably protected or prohibited under the NLRA, the *Machinists* doctrine does not apply to it. *See J.A. Croson Co.* at 357 (*Machinists* doctrine "does not pertain to conduct that is either arguably or clearly protected or prohibited under * * * the NLRA").

{¶13} Even viewing the pleadings and documentary evidence in a light most favorable to Romano Construction, we must conclude that its claim challenges conduct that Congress intended to regulate through the NLRA. *See id.* at 350. As such, the NLRA preempts the claim, and the trial court did not err by dismissing Romano Construction's complaint for lack of subject matter jurisdiction. Romano Construction's sole assignment of error is overruled.

III

{¶14} Romano Construction's sole assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

_____

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
BETH WHITMORE
FOR THE COURT

BELFANCE, P. J.
HENSAL, J.
CONCUR.

APPEARANCES:

MICHAEL A. CREVELING, Attorney at Law, for Appellant.

SUSAN L. GRAGEL and ANDREW A. CRAMPTON, Attorneys at Law, for Appellee.